## KAMAKAOHUA (w.) *vs.* THOW CHOY.

EXCEPTIONS.

HEARING, MARCH 31, 1891.  DECISION, APRIL 4, 1891.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

The defendant took into his possession some horses, etc., which were claimed by the plaintiff (the wife of the bankrupt) to be her own property, she having acquired them previous to the year 1888.

Held, that the property was her husband's, and was part of the assets of the bankrupt estate.

OPINION OF THE COURT, BY BICKERTON, J.

This case was tried at the January Term, 1891, and the Presiding Justice directed a verdict for the defendant. The plaintiff excepted to the charge of the Court and also to the verdict, as contrary to the law and the evidence, and gave notice of a motion for a new trial, which motion on being heard was overruled, and the matter now comes here on a bill of exceptions.

The plaintiff claims that the defendant, as assignee in bankruptcy of her husband's estate, unjustly seized and took into his possession three horses and a cart; that they were her own property by exchange and purchase with her own money ; that she acquired these animals before the year 1888, about the years 1884 and 1886; that her husband had never reduced this property in dispute to his possession or asserted his rights to said chattels. The defendant claimed that these chattels were the property of the bankrupt and are part of the assets of his estate.

In June, 1888, an Act relating to the property and rights of married women was approved and became law. It provides, *inter alia*, that "the real and personal property of a woman shall, upon her marriage, remain her separate property, free from the management, control, debts and obligations of her hus-

band; and a maried woman may receive, receipt for, hold, manage and dispose of property, real and personal, in the same manner as if she were sole." * * * * Section 13 reads, "Nothing in this Act contained shall affect any rights of property which shall have already accrued under any law heretofore in existence." It is not claimed nor is it shown that any of this property was acquired after the Act of 1888 came into force, so the law as it stood previous to the said Act must apply to this case; there is no necessity to go outside of our own reports for this, for it is clearly laid down in *Riemenschneider vs. Kalaehao*, 5 Hawn., 550. In that case the Court charged the jury as follows: "If you find that those hacks, etc., were bought with money received from her (*i. e.*, intestate's wife) lands and from the earnings of her horses and carriages subsequently, you will find them to be the property of her husband. Anything in her possession, whether bought with her own or her husband's money, belongs to him and is his own property, and goes to his administrators." In regard to the exception taken to this instruction, the Court says: "We think that the jury were properly instructed."

This case controls the case before us, and lays down the law as we understand it to have been previous to the Act of 1888. The fact being established by the evidence that the acquisition of the property by the plaintiff was prior to 1888, we are of opinion that the jury were properly instructed and that the evidence supports the verdict. The Presiding Justice in this case remarked in his charge to the jury, "A verdict for the plaintiff would be set aside as being contrary to the law." We are of the same opinion.

The exceptions are overruled.

*J. M. Davidson*, for plaintiff.

*C. W. Ashford*, for defendant.